## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2017, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James D. Boyer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Termination of the Parent-Child Relationship of:  C.B. (Minor Child), | June 23, 2017 |
| | Court of Appeals Case No. 35A02-1611-JT-2548 |
| T.J. (Mother), | Appeal from the Huntington Circuit Court |
| *Appellant-Respondent,* | The Honorable Thomas M. Hakes, Judge |
| v. | Trial Court Cause No. 35C01-1601-JT-8 |
| Indiana Department of Child Services, | |
| *Appellee-Petitioner.* | |

**Najam, Judge.**

# Statement of the Case

T.J. ("Mother") appeals the trial court's termination of her parental rights over her minor child C.B. ("Child"). Mother raises a single issue for our review, namely, whether the State presented sufficient evidence to support the termination of her parental rights. We affirm.

# Facts and Procedural History

Mother gave birth to Child on March 22, 2013.[1] On June 30, 2014, the Indiana Department of Child Services ("DCS") received a report that Mother and Child's home contained an active methamphetamine lab. In addition, the home had no running water or electricity. DCS took custody of Child at that time and placed Child in foster care. Mother was arrested.

On July 1, the State charged Mother with dealing in methamphetamine, as a Class A felony. On July 2, DCS filed a petition alleging that Child was a Child in Need of Services ("CHINS"). On August 19, Mother pleaded guilty as charged. And on October 7, Mother was ordered to complete residential drug treatment as part of a deferred sentencing order.

On February 13, 2015, the trial court held a factfinding hearing and adjudicated Child to be a CHINS. On May 8, Mother was discharged from the residential drug treatment program for "drinking and smoking spice." Appellant's App.

---

[1] Child's father has signed a consent for Child to be adopted, and he does not participate in this appeal.

Vol. 2 at 101. Accordingly, on May 19, the criminal court sentenced Mother to twenty years, with eight years executed and twelve years suspended to probation. On May 28, the CHINS court ordered that, upon her release from incarceration, Mother was to: maintain contact with DCS; complete a parenting assessment; participate in homebased parenting; participate in individual therapy; participate in anger management; and participate in substance abuse treatment.

On January 20, 2016, DCS filed a petition to terminate Mother's parental rights to Child. Following a hearing on August 31, the trial court granted that petition on October 12. In support of its order, the trial court entered findings and conclusions. This appeal ensued.

## Discussion and Decision

We begin our review of this appeal by acknowledging that "[t]he traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *Bailey v. Tippecanoe Div. of Family & Children (In re M.B.)*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. However, a trial court must subordinate the interests of the parents to those of the child when evaluating the circumstances surrounding a termination. *Schultz v. Porter Cnty. Ofc. of Family & Children (In re K.S.)*, 750 N.E.2d 832, 837 (Ind. Ct. App. 2001). Termination of a parent-child relationship is proper where a child's emotional and physical development is threatened. *Id.* Although the right to raise one's own child should not be

terminated solely because there is a better home available for the child, parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *Id.* at 836.

Before an involuntary termination of parental rights can occur in Indiana, DCS is required to allege and prove:

> (B) that one (1) of the following is true:
>
>> (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.
>>
>> (ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.
>>
>> * * *
>
> (C) that termination is in the best interests of the child; and
>
> (D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). DCS's "burden of proof in termination of parental rights cases is one of 'clear and convincing evidence.'" *R.Y. v. Ind. Dep't of Child Servs. (In re G.Y.)*, 904 N.E.2d 1257, 1260-61 (Ind. 2009) (quoting I.C. § 31-37-14-2).

When reviewing a termination of parental rights, we will not reweigh the evidence or judge the credibility of the witnesses. *Peterson v. Marion Cnty. Ofc. of*

*Family & Children (In re D.D.)*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences that are most favorable to the judgment. *Id.* Moreover, in deference to the trial court's unique position to assess the evidence, we will set aside the court's judgment terminating a parent-child relationship only if it is clearly erroneous. *Judy S. v. Noble Cnty. Ofc. of Family & Children (In re L.S.)*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *trans. denied*.

[9] Here, in terminating Mother's parental rights, the trial court entered specific findings of fact and conclusions thereon. When a trial court's judgment contains special findings and conclusions, we apply a two-tiered standard of review. *Bester v. Lake Cnty. Ofc. of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). First, we determine whether the evidence supports the findings and, second, we determine whether the findings support the judgment. *Id.* "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). If the evidence and inferences support the trial court's decision, we must affirm. *In re L.S.*, 717 N.E.2d at 208.

[10] Mother's challenge on appeal is very narrow. Mother concedes that the evidence is sufficient to support the trial court's findings underlying its conclusions that Mother will not remedy the conditions that resulted in Child's removal, that the continuation of the parent-child relationship poses a threat to the well-being of Child, and that there is a satisfactory plan for C.B.'s care and treatment. Mother only challenges the sufficiency of the evidence to show that

termination is in the best interests of Child. Thus, we address only that contention.

[11] In determining whether termination of parental rights is in the best interests of a child, the trial court is required to look at the totality of the evidence. *A.S. v. Ind. Dep't. of Child Servs. (In re A.K.)*, 924 N.E.2d 212, 224 (Ind. Ct. App. 2010). "A parent's historical inability to provide adequate housing, stability and supervision coupled with a current inability to provide the same will support a finding that termination of the parent-child relationship is in the child's best interests." *Castro v. State Ofc. of Family & Children*, 842 N.E.2d 367, 374 (Ind. Ct. App. 2006), *trans. denied*. "Additionally, a child's need for permanency is an important consideration in determining the best interests of a child, and *the testimony of the service providers may support a finding that termination is in the child's best interests*." *In re A.K.*, 924 N.E.2d at 224 (emphasis added).

[12] In support of her contention on this issue, Mother maintains that, while her earliest possible release date is December 2020, she might be able to get an early release in 2018. Mother also asserts that she "already has both stable housing and employment lined up when she is released." Appellant's Br. at 8. Finally, Mother maintains that Child has lived in the same foster home since her removal, so "[r]emaining there a little longer while Mother completes her term of incarceration would not negatively impact C.B." *Id.* But Mother's contentions amount to a request that we reweigh the evidence, which we cannot do.

[13]     As the trial court found, both the family case manager and Guardian ad Litem testified that adoption and termination of Mother's parental rights is in Child's best interests. The totality of the evidence, including Mother's historical inability to provide a safe and stable home and her inability to overcome her debilitating substance abuse, supports the trial court's conclusion that termination of Mother's parental rights is in Child's best interests. The trial court did not err when it terminated Mother's parental rights to Child.

[14]     Affirmed.

Mathias, J., and Altice, J., concur.